HÉCTOR HERNÁNDEZ SOTO, SECRETARIO DEL TRABAJO Y RECURSOS HUMANOS, demandante y recurrido, *v.* BENITO GUTIÉRREZ DÍAZ, demandado y peticionario.

Número: O-84-382      Resuelto: 25 de octubre de 1984

*Benito Gutiérrez Díaz,* por derecho propio; *Eileen Herrero,* abogada del recurrido.

PER CURIAM: A solicitud del Secretario del Trabajo y Recursos Humanos el Tribunal Superior expidió una orden para que el señor Gutiérrez Díaz, presidente de Medical Equipment Corp., compareciera ante el Negociado de Seguridad de Empleo del Departamento del Trabajo y Recursos Humanos y contestase el interrogatorio a que se le sometiera "en relación con la contribución de Seguro por Desempleo y Seguro por Incapacidad desde el comienzo de operaciones hasta el presente". El Tribunal dispuso asimismo:

> . . . que al comparecer el querellado lleve consigo: libros, nóminas, documentos, cheques cancelados, talonarios de cheques, copias de la declaración de salarios para los fines del Seguro Social Federal, copias de planillas de contribución sobre ingresos, así como cualquier otro récord que conserve de sus actividades comerciales durante el período antes indicado. . . .

El 11 de junio de 1984 el señor Gutiérrez acudió a este foro para que se dejase sin efecto la orden citada. El 5 de julio dictamos orden de mostrar causa limitada a la modificación de la orden recurrida para añadirle al final del párrafo transcrito la frase "que sea pertinente al citado objeto de la investigación".

La parte recurrida ha comparecido y expresa no tener objeción a la modificación de la orden en la forma indicada. Queda por atender, no obstante, el planteamiento del peticionario de que debe anularse la orden emitida a solicitud del Secretario del Trabajo por incumplirse, alegadamente, las normas sentadas en *E.L.A.* v. *Coca Cola Bott. Co.*, 115 D.P.R. 197 (1984).

Lo que el peticionario cuestiona en efecto es el ámbito de la investigación, asunto que se gobierna por los principios expuestos en *E.L.A.* v. *P. R. Tel. Co.*, 114 D.P.R. 394 (1983), y en *P.N.P.* v. *Tribunal Electoral*, 104 D.P.R. 741 (1976). No se trata aquí de la razonabilidad de un registro, allanamiento o incautación en el curso de una investigación administrativa, tema principal de *E.L.A.* v. *Coca Cola Bott. Co.* En el caso de autos limitamos nuestra orden de mostrar

causa en la forma descrita pues no se nos ha demostrado infracción alguna, una vez se enmiende la orden del Tribunal Superior de la manera reseñada, de las reglas expuestas en *E.L.A.* v. *P. R. Tel. Co.* La investigación en este caso no excede la autoridad de la agencia; el requerimiento no es demasiado indefinido y la información solicitada no es impertinente a la investigación. *E.L.A.* v. *Coca Cola Bott. Co.* no es aplicable al caso presente, que versa tan sólo sobre la validez de una citación o requerimiento.

*Se expedirá el auto, se modificará la orden recurrida en la forma expresada en nuestra resolución de 5 de julio y así modificada, se confirmará.*